# SUMMONS - CIVIL

JD-CV-1    Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

### STATE OF CONNECTICUT
### SUPERIOR COURT
www.jud.ct.gov

See page 2 for Instructions

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☐ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 70 Huntington St., New London, CT  06320 | ( 860 )443-5363 | **March**  Month   **11**  Day  , **2014**  Year |

| | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|
| ☒ Judicial District        G.A. <br> ☐ Housing Session    ☐ Number: | **New London** | Major: **T**     Minor: **90** |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Suisman Shapiro, P. O. Box 1591, New London, CT  06320 | 062114 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 )  442-4416 | |

| Number of Plaintiffs: 1 | Number of Defendants: 6 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  CHIAPPONE, JENNIFER <br> Address: 148 Shore Road <br> Waterford, CT  06385 | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name:  PREMIER LIMOUSINE <br> Address: c/o Stephen DiMarco <br> 76 Fuller Way, Berlin, CT  06037 | D-01 |
| Additional Defendant | Name:  PREMIER LIMOUSINE, LLC d/b/a PREMIER LIMOUSINE <br> Address: c/o Gianpaolo DiGrazia <br> 438 Franklin Avenue, Hartford, CT  06114 | D-02 |
| Additional Defendant | Name:  SD Transportation Services, LLC  d/b/a PREMIER LIMOUSINE <br> Address: c/o Stephen DiMarco <br> 76 Fuller Way, Berlin, CT  06037 | D-03 |
| Additional Defendant | Name:  DIMARCO, STEPHEN <br> Address: 76 Fuller Way, Berlin, CT  06037 | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Bryan P. Fiengo | Date signed |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | A TRUE COPY ATTEST |
|---|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

Lora K. Murphy, Suisman Shapiro, P. O. Box 1591, New London, CT  06320

Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

| Signed *(Official taking recognizance)*  "X" proper box) | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**CHIAPPONE, JENNIFER**

First named Defendant *(Last, First, Middle Initial)*
**PREMIER LIMOUSINE**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **PREMIER BUS LINES, INC.** c/o Stephen DiMarco, 76 Fuller Way, Berlin, CT  06037 | | 05 |
| **PREMIER BUS, INC.** c/o Stephen DiMarco, 76 Fuller Way, Berlin, CT  06037 | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

FOR COURT USE ONLY - File Date

Docket number

CIVIL SUMMONS-Continuation

| RETURN DATE: MARCH 11, 2014 | : | SUPERIOR COURT |
| JENNIFER CHIAPPONE | : | J.D. OF NEW LONDON |
| V. | : | AT NEW LONDON |
| PREMIER LIMOUSINE<br>PREMIER LIMOUSINE, LLC D/B/A<br>PREMIER LIMOUSINE,<br>S.D. TRANSPORTATION SERVICES, LLC<br>D/B/A PREMIER LIMOUSINE,<br>STEPHEN DIMARCO,<br>PREMIER BUS LINES, INC.,<br>PREMIER BUS, INC. | :<br><br>:<br><br><br>:<br><br>: | FEBRUARY 10, 2014 |

## COMPLAINT

1.     The Plaintiff, Jennifer Chiappone, is a white female, forty (40) years of age, with a residence address at 148 Shore Road, Waterford, Connecticut.

2.     The Defendant, Premier Limousine, is a Connecticut business entity located at 76 Fuller Way, Berlin, Connecticut.  The Defendant, Premier Limousine, LLC, is a domestic limited liability company located at 438 Franklin Ave., Hartford, Connecticut which business shares an affiliation with and utilizes the trade name "Premier Limousine."  The Defendant, SD Transportation Services, LLC is a domestic limited liability company located at 76 Fuller Way, Berlin, Connecticut which business shares an affiliation with "Premier Limousine" and has Stephen DiMarco as a member/agent.  The Defendant, Premier Bus Lines, Inc., is a domestic

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591<br>NEW LONDON, CONNECTICUT 06320     TEL. (860) 442-4416     JURIS NO. 62114

corporation located at 76 Fuller Way, Berlin, Connecticut which business shares an affiliation with "Premier Limousine" and has Stephen DiMarco as Chief Executive Officer.  The Defendant, Premier Bus, Inc., is a domestic corporation located at 76 Fuller Way, Berlin, Connecticut which business shares an affiliation with "Premier Limousine" and has Stephen DiMarco as President.  These entities, together, share common interest and ownership and should be considered one and the same with respect to the allegations set forth below.  Together, these entities shall hereinafter be referred to as "Premier Limousine."

3.     The Defendant, Stephen DiMarco, is the owner/proprietor of Premier Limousine and an officer of the Company(ies) and his acts and/or omissions as described below were either as agent, representative and/or principal of Premier Limousine and/or in his individual capacity.

4.     The Plaintiff was hired by Premier Limousine on or about September 2012 as Vice President of Sales & Marketing and worked continuously in that position until January 2, 2013, when she was fired.

5.     Prior to Ms. Chiappone's date of hire, Mr. DiMarco scheduled an interview with her for a position in the sales department of Premier Limousine.

6.     Mr. DiMarco arranged the interview to be held at the Mohegan Sun Casino.

7.     Upon arrival at the interview, Mr. DiMarco instructed Ms. Chiappone to meet him at the concierge's lobby.

{!00925926.DOCX; v.}2

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.  THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

8.      Mr. DiMarco further instructed Ms. Chiappone to proceed with him to a reserved hotel room for the interview.

9.      Ms. Chiappone entered the hotel room and she and Mr. DiMarco were the only two occupants therein.

10.     Upon information and belief, Mr. DiMarco had arranged for a bottle of liquor to be placed in the room.

11.     Ms. Chiappone tried continuously to discuss the sales position and the professional relationship between the parties.

12.     Mr. DiMarco steered the parties' discussion toward interpersonal contact and made sexual advances toward Ms. Chiappone.

13.     The initial interview did in fact culminate in sexual intercourse between the parties, a result intended by Mr. DiMarco.

14.     The sexual intercourse occurring at the interview was consensual.

15.     On or after the interview which culminated in sexual intercourse, Ms. Chiappone was notified by Mr. DiMarco that she had been hired by Premier Limousine.

16.     Mr. DiMarco instructed Ms. Chiappone to report to the company headquarters in Berlin, Connecticut to meet with Wayne Roberts, Premier Limousine's Chief Executive Officer and President, to complete forms to commence with her employment.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416   JURIS NO. 62114

17.     Shortly after commencement of her employment with Premier Limousine, Mr. DiMarco arranged for a full expense paid trip to Florida in favor of the Plaintiff and paid for by the business.

18.     Mr. DiMarco arranged for car service to pick up Ms. Chiappone and further arranged for a stay at The "W" hotel in South Beach and instructed Ms. Chiappone to proceed to his hotel room.

19.     Upon arrival at The "W", Ms. Chiappone reported to Mr. DiMarco's room and entered where she and Mr. DiMarco were the only two occupants.

20.     Mr. DiMarco again steered the communications between the parties away from their professional relationship and to his sexual/romantic advances toward Ms. Chiappone.

21.     This hotel meeting culminated in sexual intercourse between the parties, a result intended by Mr. DiMarco.

22.     The sexual intercourse was consensual.

23.     In addition to the physical sexual relationship between the parties, Mr. DiMarco consistently engaged in communications with Ms. Chiappone of a sexual and provocative nature.

24.     At some point during Ms. Chiappone's employment with Premier Limousine, the sexual relationship between the parties ceased.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.  THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

25.     Mr. DiMarco continued, however, to communicate with the Complainant which communications were romantic and/or sexual in nature.

26.     Ms. Chiappone was terminated from employment with Premier Limousine shortly after the sexual relationship between the parties reached its end.

27.     Mr. Roberts was tasked with firing the Plaintiff from Premier Limousine.

28.     Mr. Roberts met with Ms. Chiappone in-person to carry out the termination and indicated that Mr. DiMarco determined that the Plaintiff could no longer remain employed at Premier Limousine.

29.     Ms. Chiappone's submission to and participation in the sexual relationship with Mr. DiMarco defined the employment relationship between her and Premier Limousine.

30.     Ms. Chiappone's submission to and participation in sexual intercourse with Mr. DiMarco and the relationship associated therewith was in fact made a term and condition of her continued employment with Premier Limousine.

**FIRST COUNT**: (Violation of CFEPA)

1-30.   Paragraphs 1-30 of the Complaint are hereby realleged and incorporated herein as paragraphs 1-30 of this First Count.

{!00925926.DOCX; v.}5

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

31.     The Defendants' decision to terminate the Plaintiff was motivated by and/or based primarily upon the sexual relationship between Mr. DiMarco and the Plaintiff and/or the cessation thereof in that:

a.      The Plaintiff was qualified for the position that she held and performed the duties of her position in a satisfactory manner;

b.      The Plaintiff was free from discipline during the time of her employment with the Defendants;

c.      The Plaintiff's performance was never discussed between the parties at any time prior to her termination from employment; and

d.      The Plaintiff's employment was terminated shortly after the cessation of the sexual relationship between her and Mr. DiMarco.

32.     The temporal proximity between the cessation of the sexual relationship and Premier Limousine's subsequent decision to terminate the Plaintiff's employment raises an inference of discrimination on the part of the Defendants.

33.     The pretextual justifications for the Defendants' decision to terminate the Plaintiff further support an inference of discrimination on the part of the Defendants.

34.     The Defendants' decision to terminate the Plaintiff, which decision was motivated by or primarily based upon DiMarco's sexual relationship with the Plaintiff, violates the

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

Connecticut Fair Employment Practices Act, as amended, Conn. Gen. Stat. § 46a-60 et seq. ("CFEPA").

35.     The Plaintiff has been caused to suffer damages as a result of the Defendants' wrongful discharge in the form of lost wages, fringe benefits, pain and suffering, attorneys' fees and costs.

36.     The Plaintiff has satisfied all the procedural and administrative requirements to bring a claim in the superior court in that:

(a).     The Plaintiff filed a timely written charge of discrimination with the State of Connecticut Commission on Human Rights and Opportunities (CCHRO) and the Equal Employment Opportunity Commission (EEOC) on or about April 13, 2013; and

(b).     The Plaintiff received a release of jurisdiction from the CCHRO pursuant to Section 46a-101 of the Connecticut General Statutes on January 24, 2014; and

(c).     The Complaint in this matter was filed within ninety (90) days from the Plaintiff's receipt of the CCHRO's release of jurisdiction and within two (2) years of the date of filing the written charge of discrimination with the CCHRO.

**SECOND COUNT**: (Violation of Title VII)

1-36.     Paragraphs 1-36 of the First Count are hereby realleged and incorporated herein as paragraphs 1-36 of this Second Count.

{!00925926.DOCX; v.}7

37.     The Defendants' decision to terminate the Plaintiff, which decision was motivated by or primarily based upon DiMarco's sexual relationship with the Plaintiff, violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

38.     The Plaintiff has been caused to suffer damages as a result of the Defendants' wrongful discharge in the form of lost wages, fringe benefits, pain and suffering, attorneys' fees and costs.

**THIRD COUNT**: (Intentional Infliction of Emotional Distress)

1-30.     Paragraphs 1-30 of the Complaint are hereby realleged and incorporated herein as paragraphs 1-30 of this Third Count.

31.     At the time of Mr. DiMarco's offer to hire, he knew and/or should have known of the Plaintiff's financial vulnerability as a single mother and her need for consistent wages and/or income to support her children.

32.     In offering the Plaintiff employment, Mr. DiMarco used the position with Premier Limousine as a means to induce, persuade and/or influence the Plaintiff to engage in a sexual relationship with him.

33.     Mr. DiMarco promised financial incentives, compensation bonuses and an executive position to the Plaintiff as further inducement for the Plaintiff to engage in a sexual relationship with him.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

34.    Mr. DiMarco's actions to induce, persuade and/or influence the Plaintiff did in fact culminate in a sexual relationship between the parties.

35.    Upon the full execution of his plan/scheme to engage in a sexual relationship with the Plaintiff for his gratification, Mr. DiMarco summarily terminated her employment with Premier Limousine.

36.    Mr. DiMarco, either as owner, agent, supervisor and/or representative of Premier Limousine, in the course of and within the scope of his employment with the company, and/or in his individual capacity, intended to inflict emotional distress upon the Plaintiff and/or knew or should have known that emotional distress would result when he executed a plan to induce the Plaintiff into a sexual relationship with him by making offers and/or promises which he never intended to fulfill.

37.    The Plaintiff has been caused to suffer extreme emotional distress as a result of Mr. DiMarco's extreme and outrageous conduct.

**FOURTH COUNT**: (Fraud)

1-37.    Paragraphs 1-37 of the Third Count are hereby realleged and incorporated herein as paragraphs 1-37 of this Fourth Count.

{!00925926.DOCX; v.}9

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

38.     Mr. DiMarco's offer to hire the Plaintiff for the position of Vice President of Sales and Marketing with Premier Limousine was illusory in that Mr. DiMarco, at the time he made such offer, never intended to employ the Plaintiff in that role on a permanent basis.

39.     Mr. DiMarco made the offer to induce, persuade and/or influence the Plaintiff to engage in a sexual relationship with him.

40.     The Plaintiff did in fact act upon the illusory offer and position of employment in that she engaged in a sexual relationship with Mr. DiMarco.

41.     The Plaintiff has been caused to suffer extreme emotional distress as a result of Mr. DiMarco's conduct and has further lost the opportunity for genuine employment starting from the fraud perpetrated by Mr. DiMarco in September 2012.

**FIFTH COUNT**: (Negligent Infliction of Emotional Distress)

1-37.   Paragraphs 1-37 of the Third Count are hereby realleged and incorporated herein as paragraphs 1-37 of this Fifth Count.

38.     Mr. DiMarco's acts and/or omissions as set forth above were extreme and outrageous and created an unreasonable risk of causing the Plaintiff emotional distress in that:

(a).     He failed to create, institute and/or abide by policies related to sexual harassment;

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

(b).    He should have known of the impact of the sexual relationship, the continuation thereof and the severely negative impact it would have on his decision-making with respect to the Plaintiff's employment;

(c).    He failed to address the sexual relationship between himself and the Plaintiff prior to and during the process which resulted in the termination of her employment; and/or

(d).    He failed to appreciate the significant emotional burden and damage which could be caused by the execution of his plan/scheme to induce the Plaintiff into a sexual relationship by virtue of his illusory promise of employment.

39.    The Plaintiff's emotional distress was foreseeable as Mr. DiMarco was aware of her financial vulnerability as a single mother and her need for consistent wages and/or income to support her children and the impact of instituting a sexual relationship based upon illusory and/or deceptive promises of employment.

40.    The Plaintiff has been caused to suffer extreme emotional distress as a result of Mr. DiMarco's conduct.

WHEREFORE, the Plaintiff prays for relief as follows:

1.    Compensatory Damages (loss of wages; back and front pay; fringe benefits);

2.    Emotional Distress Damages;

{!00925926.DOCX; v.}11

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

3.    Punitive Damages;

4.    Costs; and

5.    Such other relief as the Court deems equitable.


PLAINTIFF

By:_____

Bryan P. Fiengo
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200, P.O. Box 1591
New London, CT 06320
Ph: (860) 442-4416
Fx: (860) 442-0495
Juris No.: 62114


A TRUE COPY ATTEST

Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

{!00925926.DOCX; v.}12

| | | |
|---|---|---|
| RETURN DATE: MARCH 11, 2014 | : | SUPERIOR COURT |
| JENNIFER CHIAPPONE | : | J.D. OF NEW LONDON |
| V. | : | AT NEW LONDON |
| PREMIER LIMOUSINE | : | |
| PREMIER LIMOUSINE, LLC D/B/A | | |
| PREMIER LIMOUSINE, | : | |
| S.D. TRANSPORTATION SERVICES, LLC, | | |
| STEPHEN DIMARCO, | : | |
| PREMIER BUS LINES, INC., | | |
| PREMIER BUS, INC. | : | FEBRUARY 10, 2014 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is Fifteen Thousand and 00/100 Dollars ($15,000.00), or more, exclusive of interest and costs.

PLAINTIFF

By: _____

Bryan P. Fiengo
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200, P.O. Box 1591
New London, CT 06320
Ph: (860) 442-4416
Fx: (860) 442-0495
Juris No.: 62114

A TRUE COPY ATTEST

Keith D Nizianskiewicz
Connecticut State Marshal
Indifferent Person